STATE OF MAINE
YORK, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-20-213

INSURCOMM, INC.,

       Plaintiff

v.

PRESCOTT H. OTIS and DEBORAH
M. OTIS,

       Defendants/Third-Party
       Plaintiffs

v.

PATRIOT INSURANCE COMPANY,

       Third-Party Defendant

ORDER ON THIRD-PARTY
DEFENDANT'S MOTION FOR
JUDGMENT ON THE PLEADINGS

Before the court is third-party defendant Patriot Insurance Company's motion for judgment on the pleadings. For the following reasons, the motion is granted.

Background

Third-party defendant Patriot Insurance Company is an insurance company located in Yarmouth, Maine. (Third-Party Compl. ¶ 2.) Defendants/third-party plaintiffs Prescott and Deborah Otis held a homeowner's insurance policy with third-party defendant Patriot covering their residence located at 32 Pleasant Street in Springvale, Maine. (Third-Party Compl. ¶¶ 1, 3.) On October 15, 2017, the Otis residence was damaged by fire. (Otis Countercl. ¶ 3.) Third-party plaintiffs Otises contracted with plaintiff Insurcomm, Inc. on October 19, 2017 to perform demolition and reconstructive services on their residence. (Id. ¶ 4.)

1

Plaintiff Insurcomm filed this lawsuit against defendants Otises on October 29, 2020, and alleged that defendants Otises had not paid plaintiff for the work plaintiff performed. (*See generally* Insurcomm Compl.) Defendant Deborah Otis filed an answer to plaintiff's complaint, a counterclaim against plaintiff, and a third-party complaint against third-party defendant Patriot on December 7, 2020. In the third-party complaint, third-party plaintiff Otis alleges two causes of action: count I, breach of contract; and count II, violation of the Unfair Claims Settlement Act. (Third-Party Compl. ¶¶ 5-15.) Third-party defendant Patriot raised as an affirmative defense that both claims are time barred by the applicable contractual and statutory limitations period. (Third-Party Patriot Ans. ¶ 4.) Third-party defendant Patriot now moves for judgment on the pleadings.

Standard

When a defendant files a motion for judgment on the pleadings pursuant to M.R. Civ. P. 12(c), "only the legal sufficiency of the complaint is tested." *Wawenock, LLC v. Dep't of Transp.*, 2018 ME 83, ¶ 4, 187 A.3d 609 (citation omitted). In these circumstances, "the [d]efendant's motion for judgment on the pleadings is nothing more than a motion under M.R. Civ. P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted." *Id.* (quotation omitted). The court evaluates the complaint by "assuming that the factual allegations are true, examining the complaint in the light most favorable to plaintiff, and ascertaining whether the complaint alleges the elements of a cause of action or facts entitling the plaintiff to relief on some legal theory." *Id.*

Discussion

Third-party defendant Patriot argues that a two-year statute of limitations applies to third-party plaintiff Otis's claims for breach of contract and breach of the Unfair Claims Settlement Act. 24-A M.R.S. § 3002 (2020); Patriot Insurance Company Policy HP 4155507 issued to Otises 008.

2

The fire at the Otis residence occurred on October 15, 2017. Third-party plaintiff Otis filed the third-party complaint against third-party defendant Patriot on December 10, 2020.

Third-party plaintiff Otis opposes the motion for judgment on the pleadings on three grounds. She argues first that the court may not consider the insurance policy or determine the date of loss because these facts were not included in the pleadings. Second, she argues that the statute of limitations for the Unfair Claims Settlement Act claim is six years. *See* 14 M.R.S. § 752 (2020). Third, she argues that policy considerations warrant denial of the motion.

### A. Matters Outside the Pleadings

When a party brings a motion to dismiss and "the court considers appropriate materials outside the pleadings, the motion generally is treated as one for a summary judgment." *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43 (citation omitted). A narrow exception to this general rule allows a court to consider "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the complaint, without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." *Id.* ¶ 10. The general rule converting a motion to dismiss to a motion for summary judgment is intended to afford plaintiff an opportunity to respond to new facts alleged by the defendant. *Id.* ¶ 11. If the document is an official public document, a document central to plaintiff's claim, or a document referred to in the complaint, plaintiff should have notice of the contents of that document. *Id.*

Third-party plaintiff Otis's insurance policy with third-party defendant Patriot is a document central to the plaintiff's claim and is referenced extensively in the third-party complaint. (Third-Party Compl. ¶¶ 3, 6-9, 11-15;) *see Moody,* 2004 ME 20, ¶ 12, 843 A.2d 43. Both claims are based on the insurance policy. (Third-Party Compl. ¶¶ 6-9; 11-15.) Third-party plaintiff Otis

3

does not challenge the authenticity of the policy produced by third-party defendant Patriot. The court may properly consider the policy. *See Moody*, 2004 ME 20, ¶ 13, 843 A.2d 43.

In third-party plaintiff Otis's counterclaim against plaintiff Insurcomm, she alleges that the residence was damaged by fire on October 15, 2017. (Otis Countercl. ¶ 3.) The court may properly consider matters referenced in the pleadings. *See Moody*, 2004 ME 20, ¶ 11, 843 A.2d 43.

### B. Statute of Limitations

Section 3002 provides the requirements and standard conditions for fire insurance policies in Maine. 24-A M.R.S. § 3002. That section provides, in the relevant part, that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within two years next after inception of the loss." 24-A M.R.S. § 3002(1) (2020). The policy provides, in the relevant part, that no action may be brought against Patriot unless "the action is started within two years after the date of loss." (Policy at 008.) The date of loss is defined: "[i]n any statute relating to fire insurance or in any policy of fire insurance, reference to the date of loss or the time when a loss occurs shall mean the day of the fire against which the policy insures." 24-A M.R.S. § 3041(2) (2020).

Third-party plaintiff Otis argues that her Unfair Claims Settlement Act claim should not fall under this two-year statute of limitations because those claims are not made "on the policy," but concern "the conduct of the insurance company itself in the administration of the claim." (Opp. at 3.) Because the Unfair Claims Settlement Practices Act does not have a specific statute of limitations, third-party plaintiff Otis argues that the six-year statute of limitations for civil actions should apply to her second claim. 24-A M.R.S. § 2436-A; 14 M.R.S. § 752.

The Law Court has characterized the remedies provided by the Unfair Claims Practices Act as "additional remedies" to the traditional remedies for breach of contract. *Marquis v. Farm*

4

*Family Mut. Ins. Co.*, 628 A.2d 644, 652 (Me. 1993). Other courts have applied the two-year statute of limitations to claims by an insured against an insurer. In *Chapman v. Std. Fire Ins. Co.*, the court applied Maine law and determined that the two-year statute of limitations applied to the insured's action against the insurer for bad faith. *Chapman v. Std. Fire Ins. Co.*, No. 1:11-CV-459-DBH, 2012 U.S. Dist. LEXIS 119687, at *7-10 (D. Me. Aug. 23, 2012). The court relied on *Marquis* and concluded that because the insurer's duty of good faith derives from the provisions of the insurance policy, the additional remedies available pursuant to the Unfair Claims Settlement Act for a claim under the policy are subject to the two-year statute of limitations. *Id.* The court noted that treating the additional remedies as tort claims would contradict the Law Court's reasoning in *Marquis. Id.; see Grant v. Shanoski*, No. CV-15-363, 2016 WL 4618817, at *9 (Me. Super. Ct. July 8, 2016). The Unfair Claims Settlement Practices Act claims are subject to the two-year limitations period provided in both section 3002(1) and the insurance contract. 24-A M.R.S. § 3002(1); (Policy at 008.)

### C. Policy

Third-party plaintiff Otis argues that third-party defendant Patriot's tortious conduct against her arose during its administration of the claim and not on the date of the fire, and imposing the two-year statute of limitations imposed by contract and statute would be unjust. (Opp. at 4-5.)

First, as third-party defendant Patriot argues, the actions by an insurer listed in the Unfair Claims Settlement Act are likely to take place after the insured's date of loss. 24-A M.R.S. § 2436-A(1)(A)-(E); (Third-Party Def.'s Reply 6.) Second, Maine does not recognize an independent tort of insurance bad faith by an insurer. *Marquis v. Farm Family Mut. Ins. Co.*, 628 A.2d at 652. Insurers do have a duty to "act in good faith and deal fairly," which is implicit in the provisions of

5

an insurance contract. *Id.* "The obligation arises from the agreement and extends only to situations connected with the agreement." *Id.*

As noted above, traditional remedies for breach of contract and additional remedies pursuant to the Unfair Claims Settlement Act are available for "improper actions of an insurer." *Id.* "Allowing, in addition [to the additional remedies], an independent tort action . . . might well thwart the legislature's intent to craft a comprehensive insurance code, and could subject insurance companies to multiple and inconsistent liability." *Id.* (quotation marks and citation omitted.) Both causes of action in the third-party complaint arise out of the parties' insurance contract and are subject to the two-year statute of limitations.

The entry is

> Third-Party Defendant Patriot Insurance Company's Motion for Judgment on the Pleadings is GRANTED. Judgment is entered in favor of Third-Party Defendant Patriot Insurance Company and against Third-Party Plaintiff Deborah M. Otis on the Third-Party Complaint.

Date: May 3, 2021

Nancy Mills
Active Retired Judge

ENTERED ON THE DOCKET ON: 05/05/21
MC/

Plaintiff=Colin Reilly, Esq.
Defendant Deborah M Otis-William
Gallitto, Esq.
Third-Party Def-Matthew Mehalic, Esq.

6